UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATTY TROXCLAIR** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-1128** |
| **PATRICK F. TAYLOR FOUNDATION** and **TAYLOR ENERGY COMPANY, L.L.C.** | **SECTION: I/3** |

## ORDER AND REASONS

Before the Court is a motion for partial dismissal filed on behalf of defendant, Taylor Energy Company, L.L.C.[1] Defendant seeks partial dismissal of claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. For the following reasons, the motion is **DENIED**.

### *BACKGROUND*

On February 25, 2008, plaintiff, Patty Troxclair ("Troxclair"), filed this lawsuit against defendant, Taylor Energy Company, L.L.C. ("Taylor"). On July 8, 2008, Taylor filed its unopposed motion for partial dismissal of Troxclair's complaint.[2] Taylor argues that the claims set forth in paragraphs eighteen through seventy-four of Troxclair's complaint are not actionable because charges regarding these claims were not filed with the EEOC within 300 days after the

---

[1] R. Doc. No. 31, def.'s mot. for partial dismissal.

[2] R. Doc. No. 31, def.'s mot. for partial dismissal. Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days before the date set for the hearing on the motion. As no opposition was filed within that time frame, and the opposition memorandum filed thereafter was terminated as deficient, Taylor's motion to dismiss is deemed to be unopposed. Nonetheless, this Court is not required to grant every unopposed motion. *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355-56 (5th Cir. 1993).

alleged acts of discrimination.[3]  On July 24, 2008, this Court continued Taylor's motion for partial dismissal to allow Troxclair to amend her complaint and provide documentary evidence that she initially instituted proceedings with a State or local agency.[4]  In response, Troxclair filed a motion for reconsideration on August 3, 2008,[5] and Taylor responded to that motion on August 5, 2008.[6]

## *LAW AND ANALYSIS*

**I.      Standard of Law**

A district court cannot dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).  In assessing the complaint, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff.  *Id.*; *Lowry v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

"However, '[i]n order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations. . . .'"  *Guidry v. Bank of LaPlace*, 954 F.2d 278,

---

[3] R. Doc. No. 31-2, mem. in supp. of mot. for partial dismissal, at 2-3.

[4] R. Doc. No. 40, order and reasons.

[5] R. Doc. No. 44, mot. for recons.

[6] R. Doc. No. 46, mem. in opp'n to pl.'s mot. for. recons.

281 (5th Cir. 1992) (quoting *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)) (alteration in original).  "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (internal quotation and citation omitted).  Accordingly, "[d]ismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief." *Id.* (internal quotation and citation omitted); *Blackburn*, 42 F.3d at 931 (internal quotation and citation omitted).

**II.     Discussion**

*A.     300-Day Statute of Limitations Triggered*

In her motion for reconsideration, Troxclair asserts that her filing with the EEOC should also be deemed a filing with a State or local agency, thereby triggering the 300-day statute of limitations.[7]  In support of this assertion, Troxclair cites *Griffin v. City of Dallas*, 26 F.3d 610 (5th Cir. 1994).  In *Griffin*, the Fifth Circuit held that a former employee's filing with the EEOC also constituted a filing with a State agency, the Texas Commission on Human Rights (the

---

[7] R. Doc. No. 44-2, mem. in supp. of mot. for recons., at 1.  42 U.S.C. § 2000e-5(e)(1) provides:
> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged unlawful employment practice occurred, or within thirty days after receiving notice that the State or local agency has terminated the proceedings under the State or local law, whichever is earlier, and a copy of such charge shall be filed by the Commission with the State or local agency.

"TCHR"), pursuant to a Worksharing Agreement between the EEOC and the TCHR.[8]  *Id.* at 612-13.  Therefore, the former employee's "institution of state proceedings extended the statute of limitations to 300 days."  *Id.* at 613; *see also Conner v. La. Dep't of Health and Hosps.*, 247 F. App'x 480, 481 (5th Cir. 2007) ("This court has held that when a claimant submits an EEOC charge and, pursuant to a work-sharing agreement, the EEOC accepts it on behalf of a deferral state, the claimant is deemed to have initially instituted proceedings with the state agency and the 300-day period is triggered.").

Like the TCHR, the Louisiana Commission on Human Rights ("LCHR") has also executed a Worksharing Agreement with the EEOC. This agreement provides:

> In order to facilitate the assertion of employment rights, the EEOC and the [LCHR] each designate the other as its agent for the purpose of receiving and drafting charges . . . . The EEOC's receipt of charges on the [LCHR]'s behalf will automatically initiate the proceedings of both the EEOC and the [LCHR] for the purposes of Section 706 (c) and (e) (1) of Title VII.

*FY 2006 Worksharing Agreement* between the EEOC and the LCHR § II(A).  In light of this agreement, Troxclair's February 17, 2007 filing with the EEOC also constitutes a filing with the LCHR.[9]  Therefore, all parties agree, that Troxclair's institution of state proceedings has extended the statute of limitations to 300 days.

---

[8] The Worksharing Agreement provided that the TCHR "designates and establishes the EEOC as a limited agent of the [TCHR] for the purposes of receiving charges on behalf of the [TCHR] and EEOC agrees to receive such charges."  *Griffin*, 26 F.3d at 612 (citing the August 1989 Worksharing Agreement between the EEOC and the TCHR).

[9] In its memorandum opposing Troxclair's motion for reconsideration, Taylor argues that this Court lacks subject matter jurisdiction because Troxclair failed to allege in her complaint that she filed a charge with the EEOC.  R. Doc. No. 46, mem. in opp'n to pl.'s mot. for recons., at 1-2.  Troxclair, however, does allege in her complaint that she obtained a "right-to-sue" letter. R. Doc. No. 1, compl., at ¶ 1.  Assessing the complaint in the light most favorable to Troxclair, *see Spivey*, 197 F.3d at 774, this allegation implies that Troxclair initiated proceedings with the EEOC.  Moreover, Taylor concedes that Troxclair's affidavit filed with the EEOC on February 17, 2007 constitutes the filing of a charge with the EEOC.  R. Doc. No. 31-2, mem. in supp. of mot. for partial dismissal, at 2 ("It is appropriate to consider the affidavit as part of the EEOC charge in consideration of this partial motion to dismiss.").

B.        *Troxclair's Claims May Constitute a Hostile Work Environment*

In its motion for partial dismissal, Taylor argues that Troxclair may only state a claim as to incidents occurring within the 300 days prior to the date of Troxclair's filing with the EEOC. Taylor argues that the claims enumerated in paragraphs eighteen through seventy-four of Troxclair's complaint should be dismissed because they are discrete acts that occurred prior to the 300-day statute of limitations.

The continuing violations doctrine is an equitable doctrine that "extends the limitations period on otherwise time barred claims only when the unlawful employment practice manifests itself over time, rather than as a series of discrete acts." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 279 (5th Cir. 2004). The U.S. Supreme Court clarified the limits of the continuing violations doctrine, announcing that a discrete discriminatory act is not actionable under Title VII if it occurred more than 300 days before the employee filed a charge with the EEOC. *Id.* (citing *Nat. R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072, 153 L. Ed. 2d.106 (2002)). In contrast, hostile work environment claims are actionable and "'will not be time barred so long as all acts which constitute the claim are part of the same unlawful practice and at least one act falls within the [300 day] time period.'" *Id.* (quoting *Morgan*, 536 U.S. at 122). Therefore, if the claims enumerated in paragraphs eighteen through seventy-four of Troxclair's complaint are discrete acts, then the claims are time-barred. If, however, these claims contribute to a hostile work environment, the claims are actionable as long as one act falls within 300 days of the EEOC filing.[10]

---

[10] Taylor asserts that the continuing violations doctrine does not apply to retaliatory claims. R. Doc. No. 47-2, def.'s supplemental mem. in supp. of mot. for partial dismissal, at 2. In Taylor's view, Troxclair's claims labeled as "retaliatory" in the complaint cannot be considered as part of a hostile work environment. *Id.* In support of this assertion, Taylor cites *Hamic v. Harris County W.C. & I.D. No. 36*, 184 F. App'x 442 (5th Cir. 1996), which provides that "retaliation is, by definition, a discrete act, not a pattern of behavior." *Id.* at 447. Under *Hamic*, retaliation "requires an adverse employment action, which has been defined in this Circuit as an ultimate

5

To establish the elements of a hostile work environment claim, Troxclair must show:

> (1) she belongs to a protected class, (2) she was subjected to unwelcome sexual harassment, (3) the harassment was based on sex, (4) the harassment affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment and failed to take remedial action. [The Fifth Circuit] has recognized . . . that in circumstances where the alleged harasser is a supervisor with authority over the employee . . . only the first four elements need be satisfied.
>
> . . . To decide whether the alleged harassment affected a term, condition, or privilege of her employment, she must show that the conduct was "severe or pervasive." The conduct must also qualify as both "subjectively and objectively offensive."

*Mire v. Tex. Plumbing Supply Co., Inc.*, No. 07-20738, 2008 WL 2704573, at *2-3 (5th Cir. July 10, 2008) (citations omitted).

Troxclair's complaint sets forth at least one act constituting a potential hostile work environment claim which occurred within the 300-day statute of limitations, s*ee Morgan*, 536 U.S. at 117.  Therefore, all of Troxclair's allegations comprising her potential hostile work environment claim are sufficient to survive Taylor's motion for partial dismissal.

Accordingly,

**IT IS ORDERED** that the order requiring plaintiff to file an amended complaint is withdrawn.  **IT IS FURTHER ORDERED** that the motion filed by defendant, Taylor Energy Company, L.L.C., for partial dismissal for failure to state a claim upon which relief can be granted is **DENIED**, and the motion for reconsideration filed by plaintiff, Patty Troxclair, is **DISMISSED AS MOOT**.

---

employment decision, such as 'hiring, granting leave, discharging, promoting, and compensating.'" *Id.* (quoting *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997)).  Little, if any, of the conduct labeled by Troxclair as "retaliatory" falls within the category of an ultimate employment decision.  On the face of her complaint, Troxclair has stated a *prima facie* claim of a hostile work environment, and, therefore, on a motion to dismiss, *Hamic* does not preclude application of the continuing violations doctrine.

New Orleans, Louisiana, August 12, 2008.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**